Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
Michelle G. Marshall, AZ Bar No. 017358
Equal Employment Opportunity Commission
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012-2504
Telephone: 602-640-5020
Fax: 602-640-5009

E-Mail:
Mary.Oneill@eeoc.gov
Sally.Shanley@eeoc.gov
Michelle.Marshall@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>        vs.<br><br>SWIFT TRANSPORTATION CO., INC., an Arizona corporation,<br><br>                Defendant. | Civ.<br><br>**COMPLAINT**<br><br>**(Jury Demand)** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 ("Civil Rights Act") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kent Marks, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8-9 below, Defendant Swift Transportation Co., Inc., violated the ADA and Title I of the Civil Rights Act when it refused to provide Mr. Marks with a reasonable accommodation and terminated his employment because of his disability, testicular cancer.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Swift Transportation Co., Inc. ("Swift" or "Defendant"), an Arizona corporation, has continuously been doing business in the State of Arizona and the City of Phoenix and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.    More than thirty days prior to the institution of this lawsuit, Kent Marks filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

**FIRST CLAIM:  FAILURE TO PROVIDE A REASONABLE ACCOMMODATION**

8.    In or about  January 2003, Defendant engaged in unlawful employment practices at its Phoenix, Arizona facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112 by refusing to provide a reasonable accommodation to Kent Marks.  The facts supporting this claim include but are not limited to the following:

       a.    Kent Marks communicated  to Defendant's management that he had testicular cancer.

       b.    Kent Marks requested that Defendant grant him unpaid time off to recover from surgery related to his cancer.

       c.    Defendant wholly failed to engage in the interactive process required by the ADA to determine whether a reasonable accommodation could be made for Mr. Marks.  Defendant did not discuss with Mr. Marks what could be done to accommodate Mr. Marks' medical condition.

       d.    Defendant did not provide any accommodation to Mr. Marks and made no effort to provide a reasonable accommodation.

**SECOND CLAIM:  UNLAWFUL TERMINATION**

9.    In or about February 2003, Defendant engaged in unlawful employment practices at its Phoenix, Arizona facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112 by terminating Mr. Marks's employment because of his disability.  The facts supporting this claim include but are not limited to the following:

a.    After receiving information regarding the medical condition of Kent Marks, managers employed by Defendant told Mr. Marks that he would have to be "let go" because of his condition.

b.    Shortly thereafter, Defendant did terminate Mr. Marks's employment and advised that the termination was because of his disability.

10.    The effect of the practices complained of in paragraphs 8-9 above has been to deprive Kent Marks of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

11.    The unlawful employment practices complained of in paragraphs 8-9 above were intentional.

12.    The unlawful employment practices complained of in paragraphs 8-9 above were done with malice or with reckless indifference to the federally protected rights of Kent Marks.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in unlawful termination on the basis of disability, from refusing to reasonably accommodate disabled employees and any other employment practice which discriminates on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Kent Marks by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices,

including but not limited to rightful place reinstatement or, alternatively, front pay for Kent Marks.

D.      Order Defendant to make whole Kent Marks by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-9 above, including reimbursement for attending driving school, any relocation expenses, job search expenses, medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.      Order Defendant to make whole Kent Marks by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Kent Marks punitive damages for its malicious and/or reckless conduct, as described in paragraphs 8-9 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 2nd day of August, 2006.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

1801 L Street, N.W.
Washington, D.C.  20507


s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney


s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

s/ Michelle G. Marshall
MICHELLE G. MARSHALL
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012

Attorneys for Plaintiff