1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8

9   Equal Employment Opportunity
    Commission,

Case No. CV 06-01898-PHX-NVW

10
            Plaintiff,
11                                                      **CONSENT DECREE**
    v.
12
    Swift Transportation Co., Inc.,
13
            Defendant.
14

15          The United States Equal Employment Opportunity Commission ("EEOC" or

16   "Commission") filed this action against Defendant, Swift Transportation Co., Inc.

17
     ("Defendant" or "Swift"), under Title I of the Americans with Disabilities Act ("ADA")
18
19   of 1990 and Title I of the Civil Rights Act of 1991.  The Commission's Complaint

20   alleges that Swift discriminated against Kent Marks ("Marks") because of his disability,

21
     cancer, by denying him a reasonable accommodation as a truck driver and subsequently
22
23   terminating his employment.  In response to the Complaint filed by the EEOC, Swift

24   filed an Answer to the Complaint, in which it denied liability.

25          As a result of settlement negotiations, the Commission and Swift agree that this

26   action should be finally resolved by entry of this Consent Decree.  The Commission and
27
28   Swift entered into this Consent Decree as a way of resolving all outstanding differences

that may have existed in this case.  This Consent Decree fully and finally resolves any and all claims arising out of the Complaint filed by the Commission.  This Decree and compliance with this Decree shall not be construed as an admission by Swift of any liability whatsoever, or as an admission by Swift of any violation of rights of Marks or of any other person in violation of any order and/or law regarding Marks or any person, or violation of any order, law, statute, or breach of any contract or any discrimination whatsoever against Marks or any other person.  The parties waive their right to a jury trial and the entry of Findings of Fact and Conclusions of Law.

It is **ORDERED, ADJUDGED, AND DECREED:**

1.      The Court has jurisdiction over the subject matter of this action and of the parties hereto.

2.      This Consent Decree resolves all claims asserted by the Commission on behalf of Marks against Swift in this lawsuit, including, without limitation, back pay, compensatory and punitive damages, injunctive relief, costs, and attorneys' fees.

3.      This Consent Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights and privileges of any person.  The entry of this Consent Decree will further the objectives of the ADA and will be in the best interests of the Commission, Swift, and the public.

4.      This Consent Decree, and any provision herein regarding Swift, applies to Swift and to its officers, agents, employees, successors, and assigns.

**INJUNCTIVE RELIEF**

5.     Swift is enjoined for the duration of this Consent Decree from (a) discriminating against an employee based on disability; (b) altering the terms and conditions of any employee's employment because of a disability; (c) refusing to accommodate any employee who requires a reasonable accommodation, as required by the ADA.

6.     Swift is enjoined for the duration of this Consent Decree from retaliating against any employee because he or she (a) opposed discriminatory practices made unlawful by the ADA; (b) filed a charge of discrimination, or assisted or participated in filing a charge; or (c) testified, assisted, or participated in an investigation, proceeding, or hearing brought under Federal or State laws prohibiting discrimination or retaliation.

**MONETARY RELIEF**

7.     Without admitting liability, Swift shall pay the gross amount of $95,000.00, for compensatory damages, to "Kirtley Wells Law Office, in trust for Kent Marks." Swift will provide Internal Revenue Form 1099 to Mr. Marks on or before January 31, 2008, for this payment.

8.     Swift shall pay the settlement amount to Mr. Marks by check, cashier's check, or money order no later than January 29, 2007.  Swift shall mail a copy of the check to:

Mary Jo O'Neill
Regional Attorney
Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012

9.    Swift shall not condition the receipt of this individual relief on Mr. Marks'
agreement to (a) waive his statutory right to file a charge with any federal or state
anti-discrimination agency, or (b) waive his right to apply for a position with
Swift or any other related entity.

### LETTER OF REGRET

10.    Within fourteen (14) days of the entry of the Consent Decree, Barbara Kennedy,
Executive Vice President of Human Resources, Safety, and Recruiting shall
prepare a letter of regret to Mr. Marks, attached as Exhibit A.

### NOTICE

11.    Swift will post, for the duration of this Consent Decree, in a prominent place
frequented by its employees at the Phoenix terminal, the notice attached as
Exhibit B in the same type, style, and size as Exhibit B.

### CORRECTIVE POLICIES AND PRACTICES

12.    Within sixty (60) days of the entry of this Consent Decree, Swift will review and,
if necessary, revise its written policies and procedures concerning disability
discrimination to conform with the law, and shall submit any changes to said
policies and procedures for review to the Regional Attorney of the EEOC's
Phoenix District Office, at the address set forth above.

13.    The written policies and procedures must include at a minimum:

a.     A strong and clear commitment to a workplace free of disability discrimination;

b.     A clear and strong encouragement of persons who believe they have been discriminated against to come forward;

c.     A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

d.     A promise of maximum feasible confidentiality for persons who believe that they have been discriminated against in violation of the policy;

e.     An assurance of non-retaliation for persons who believe they have been discriminated against and for witnesses of discrimination;

f.     That discrimination on the basis of disability by anyone, including management officials, supervisors, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

g.     A written statement that an employee may report the harassment to a manager outside of his or her chain of command should the complainant believe managers in the chain of command have a conflict of interest, are implicated in the allegations, or may not adequately investigate the complaint; and

h.     Assurances that Swift will investigate allegations of disability discrimination promptly and fairly.

**TRAINING**

14.     Within six (6) months of the entry of this Consent Decree, and on an annual basis

for the duration of the Decree, Swift shall provide training on the Americans with Disabilities Act for all management employees at the Phoenix terminal.  Each annual training shall take place between ten (10) and fourteen (14) months after the completion of the prior year's training.

15.    The annual training shall be two (2) hours in length.  The training shall include the following topics:

a.      An overview of the ADA generally and of Swift's obligations under the ADA including, but not limited to, what constitutes a disability, the interactive process, and possible accommodations of disabilities.

b.      An overview of Swift's obligations under the ADA with respect to retaliation.

c.      Swift's policies and procedures regarding disability discrimination, including retaliation.

16.    Swift shall provide a trainer(s) who is knowledgeable about all of the subjects of the training, to conduct the training.  Swift shall submit the names(s), address(es), telephone number(s), and resume(s) of the trainer(s), together with training dates and a copy of the training materials, to the Regional Attorney of the EEOC's Phoenix District Office at the address above, within ninety (90) days of the entry of this Consent Decree.  The training shall include some interactive component.

17.    In order to give all specified employees the opportunity to take the training, training may be held on multiple dates.  A signed registry of attendance shall be kept and retained by Swift for the duration of this Consent Decree.

## RECORD KEEPING AND REPORTING

18.  Swift shall maintain all records concerning its implementation of this Consent Decree for the entire term of the Consent Decree.

19.  Swift shall report to the Commission in writing, within six months from the entry of this Consent Decree and annually thereafter, regarding its compliance with the specific terms of the Consent Decree, by sending the report to the Regional Attorney of the EEOC's Phoenix District Office at the address above.  In addition to the reporting requirements set forth above, the report shall include the following information:

a.  Copies of any revisions to Swift's policies and procedures regarding disability discrimination and retaliation;

b.  Copies of signed registries that employees identified in Paragraph 14 have completed training;  and

c.  Confirmation that (1) the Notice was posted, with a description of the location where it was posted; and (2) the training was held.

20.  Swift shall bear its own costs in conjunction with the maintenance of records and preparation of reports required by this Consent Decree.

## PROCEDURES AND REMEDIES FOR NON-COMPLIANCE

21.  The Court shall retain jurisdiction over this action for the duration of the Consent Decree.  During this time, the Commission may petition this Court to order Swift to comply with the Consent Decree.

22.  In the event that the Commission believes that Swift has failed to comply with

any provision(s) of this Consent Decree, it shall:

    a.    Notify Swift in writing of the non-compliance by fax and by United States Mail to Mark Ogden, Littler Mendelson, 2425 East Camelback Road, Suite 900, Phoenix, Arizona 85016 and the corporate officer who signs this Consent Decree on Swift's behalf, or to her successor, and

    b.    Afford Swift ten (10) days after service of the notice to remedy the non-compliance.

23.    If Swift has not remedied the alleged non-compliance in ten (10) days after service of notice, a penalty shall accrue at the amount of $100.00 per day until Swift is in compliance with the Consent Decree again, if this Court finds that Swift was not in compliance with the Consent Decree and that Swift failed to remedy the alleged non-compliance within ten (10) days of receiving notice of the alleged non-compliance.

24.    In the event the Court finds that Swift has violated this Consent Decree, the Court may order reasonable relief to remedy the non-compliance, including attorney's fees, daily penalties, appropriate injunctive relief, and extension of this Consent Decree for such period as may be necessary to remedy its non-compliance.

## FORCE AND EFFECT

25.    The parties agree to the entry of this Consent Decree subject to final approval by the Court.

26.    If any provision(s) of this Consent Decree are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions shall

-8-

remain in full force and effect.

27.  This Court shall retain jurisdiction of this action for a period of two (2) years after entry of the Consent Decree.  Absent further extension by the Court, the Consent Decree shall expire at the end of two (2) years without further action by the parties.

28.  The Joint Motion for Entry of Consent Decree (Doc. 36) is granted.  The clerk shall terminate this case.

Dated this 31st day of January 2007.

_____

Neil V. Wake
United States District Judge

# Exhibit  A

[SWIFT Letterhead]

[Date]

Kent Marks
[Address]

Dear Mr. Marks:

As you are aware, the Equal Employment Opportunity Commission (EEOC) filed a lawsuit against Swift Transportation Co., Inc., alleging that the Company discriminated against you based on your medical condition.   Following mediation and before a trial, the parties successfully negotiated a settlement.

We regret that you perceive the events to be the result of discrimination because of your medical condition.  Please accept my commitment that Swift Transportation Co., Inc. will take the necessary steps to ensure that applicants and employees will continue to work in an atmosphere free of discrimination.

Sincerely,

Barbara Kennedy
Executive Vice President of Human
Resources, Safety and Recruiting

# Exhibit B

# NOTICE TO ALL EMPLOYEES
# AT SWIFT TRANSPORTATION CO., INC.

This Notice is posted pursuant to a Consent Decree entered into between Swift Transportation Co., Inc. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, the Americans with Disabilities Act, and state law to discriminate against an employee on the basis of their disability, in the recruitment, hiring, promotion, firing, compensation, assignment, or other terms, and conditions or privileges of employment.

It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

Swift Transportation Co., Inc. shall not discriminate against any employee on the basis of their disability and shall not retaliate against any employee for complaining about disability discrimination.

If you believe you have been discriminated against, you have the right to seek assistance from:

(1)   EEOC                          or   (2)   ACRD
      3300 N. Central Ave., Suite 690             Attorney General's Office
      Phoenix, Arizona 85012                      1275 W. Washington
      Telephone:  (602) 640-5000                  Phoenix, Arizona, 85007
      TTY: (602) 640-5072                         (602) 255-5263.
      Website (national): www.eeoc.gov

      You also have the right to file a charge with the EEOC or ACRD if you believe you have been discriminated against, or retaliated against.